UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTONIO LAMAR DAVIS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV01046 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Antonio Lamar Davis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motion will be denied.

**I.     Background**

Antonio Lamar Davis was indicted by a Federal Grand Jury on November 1, 2007, in a two count indictment for being a felon in possession of a firearm on June 26, 2007, in violation of 18 U.S.C. § 922(g)(1) and with knowingly and intentionally possessing .38 grams of cocaine base (crack) in violation of 21 U.S.C. § 844(a)  On August 20, 2008, Davis plead guilty to the misdemeanor crack possession charge. His felon in possession charge was tried to a verdict in a bench trial. On November 7, 2008, I found Davis guilty on the felon in possession charge. I also accepted his guilty plea to the misdemeanor crack possession charge.

On February 19, 2009, Davis was sentenced to 80 months imprisonment for the felon in possession charge and 12 months for the misdemeanor crack possession charge, with those terms to run concurrently. The sentencing guidelines range was 84 to 105 months based upon a total offense level of 22 and a criminal history category of VI. Davis appealed his felon in possession

conviction to the United States Court of Appeals for the Eighth Circuit. In his appeal, Davis challenged the sufficiency of the evidence upon which I found that he had been carrying the handgun found near the spot where he was arrested. The Eighth Circuit affirmed Davis' conviction in *United States v. Davis*, 333 F. App'x 137, (8th Cir. Oct. 1, 2009) (per curiam), *cert. denied*, 130 S.Ct. 1921 (March, 22, 2010).

Davis alleges three grounds for relief in his § 2255 motion. First, Davis alleges that I lacked sufficient evidence to find him guilty of the felon in possession of a firearm charge. Second, Davis alleges that I erred at sentencing by applying a two point enhancement under the Federal Sentencing Guidelines based on a risk of death or serious bodily injury to another person in the course of fleeing from the police. Finally, Davis alleges that I erred at sentencing by not applying a three point reduction under the Guidelines based on acceptance of responsibility for the misdemeanor crack possession charge. For the reasons set forth below, Davis' § 2255 motion will be denied.

**II. Analysis**

*A. An evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Davis' "'allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.'" *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). For the reasons stated below, Davis is not entitled to an evidentiary hearing.

*B. Arguments Decided Adversely to Movant on Direct Appeal Cannot be Relitigated Here*

"It is well settled that claims which were raised and decided on direct appeal cannot be

relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1991)). The first ground in Davis' § 2255 motion alleges that I lacked sufficient evidence to have found him guilty of the felon in possession of a firearm charge. This is identical to the sole argument that was raised on direct appeal to the Eighth Circuit, where it was considered and rejected. This argument cannot be relitigated here. The first ground of Davis' § 2255 will be denied.

> *C. Arguments that Could Have Been Raised on Direct Appeal But Were Not are Precluded from Review in this § 2255 Proceeding Absent a Sufficient Showing of Cause*

The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). The Eighth Circuit has specifically noted that "[s]ection 2255 motions are no substitute for appeal, and normally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (citing *Kaufman v. United States*, 394 U.S. 217 (1969)). A defendant procedurally defaults a claim when he fails to raise it at sentencing or on direct review. *See Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Grounds two and three of Davis' § 2255 petition were not raised on direct appeal. They

are addressed below in turn.

### 1. Ground Two is Procedurally Barred

Ground two of the Motion alleges that I erred at sentencing by applying a two point enhancement under the Guidelines based on a risk of death or serious bodily injury to another person in the course of fleeing from the police. Davis stated his objection to the two point enhancement at the sentencing hearing, but he did not raise this issue on direct appeal. A defendant is "barred from raising sentencing errors" in a § 2255 motion when they "could have raised these issues on direct appeal" but did not. *Ford v. United States*, 983 F.2d 897, 898 (8th Cir. 1993). Because Davis could have raised this issue on direct appeal but did not, this claim is procedurally barred. Because this claim has been procedurally defaulted, it may only be raised in these proceedings if Davis can show cause and actual prejudice, or that he is actually innocent. *See Bousley*, 523 U.S. at 622.

Davis has offered no explanation whatsoever regarding his failure to raise this claim on direct appeal. Under ground two of Davis' § 2255 petition, the explanation for why he did not raise the issue on direct appeal states simply that "[t]his issue was objected at sentencing and issue is preserved for instant collateral review [sic]." Davis is correct that the issue was properly objected to at sentencing, but he is mistaken in his conclusion because a proper objection at sentencing does not - by itself - preserve an issue for collateral review. Regardless, this does not state a cause for his failure to raise this claim on direct appeal. Because he would be required to show both cause *and* actual prejudice, no inquiry into actual prejudice is necessary. Additionally, Davis has not suggested that he is actually innocent with regards to ground two of his § 2255 petition. In fcat, Davis does not dispute the facts that gave rise to the two point enhancement.

Ground two of Davis' § 2255 petition is procedurally barred.

Even if ground two were not procedurally barred, it fails on its merits. Davis did not dispute that he exited a moving vehicle and allowed the vehicle to continue traveling down a street while he fled from law enforcement on foot. Ground two challenges my legal conclusion, not the facts supporting it. This claim would also be denied on the merits for the same reasons that it was denied on the merits at the sentencing hearing. At sentencing, I stated:

> THE COURT: So the only question is whether he recklessly created a substantial risk of death or serious bodily injury to another person. And I'm hard put to imagine a worse situation than to exit a moving vehicle and allowing it to proceed down the street as that not being a substantial risk of serious bodily injury at a minimum to someone else. And it certainly struck the utility pole with such force that the pole had to be replaced. So I'm going to deny the objection . . . .

Ground two of Davis' § 2255 motion will be denied.

### 2. Ground Three is Procedurally Barred

Ground three of the petition alleges that I erred at sentencing by not applying a three point reduction under the Guidelines based on acceptance of responsibility for the misdemeanor crack possession charge. This claim was neither objected to at sentencing nor raised on direct appeal. A defendant who fails to object to an application of the Federal Sentencing Guidelines procedurally defaults on his claim and is barred from later raising the issue in a § 2255 motion. *See Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010). This claim is therefore procedurally defaulted. "[T]o obtain collateral relief based on trial errors to which no

contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. 167-68.

No cause has been offered for Davis' failure to object at sentencing or raise this point on direct appeal. For that reason alone, Davis cannot obtain relief in this collateral action for ground three.

Moreover, Davis misconstrues how his sentence was calculated. In calculating his sentence under the Federal Sentencing Guidelines, Counts I and II of Davis' conviction were "grouped" for sentencing purposes under Section 3D1.2(c) and (d) of the 2008 edition of the Guidelines Manual. Under Section 3D1.3(a) the guideline base offense level was calculated solely on Count I, felon in possession, because it was the most serious count. Davis' base offense level of 20 points was, therefore, based only on Count I. Because no points in the base offense level were attributed to Count II, possession of cocaine base, there were no points against which to apply a three point reduction. As a result, ground three of Davis' § 2255 petition will be denied.

*D. I Will Not Issue a Certificate of Appealability*

Because Davis has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings.").

Accordingly,

**IT IS HEREBY ORDERED** that Antonio Lamar Davis' Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1] is **DENIED.**

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Davis has not made a substantial showing of the denial of a federal constitutional right.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2011.